Carlos L. **CORREA**, Relator,

v.

The **FIRST COURT OF APPEALS**, Respondent.

Jack **CARTER**, Chair, Harris County Democratic Executive Committee, Relator,

v.

The **FIRST COURT OF APPEALS**, Respondent.

Nos. C–9551, C–9552.

Supreme Court of Texas.

May 9, 1990.

Andrew L. Jefferson, Houston, Randall Buck Wood, Austin, for Carlos L. Correa.

James Stafford, Jim Mattox, Houston, Javier P. Guajardo, Austin, for respondent.

David Webb, Houston, for Jack Carter.

OPINION

RAY, Justice.

These original mandamus proceedings arose from the same facts and have been consolidated for our review.

On January 2, 1990, Carlos L. Correa, a candidate for judge of the 182d district court of Harris County, filed his application for a place on the March 13, 1990, Democratic general primary ballot. Accompanying his application was the necessary filing fee and petitions containing 333 signatures. *See* Tex.Elec.Code § 172.021(e). On February 13, 1990, Donald K. Shipley, the incumbent 182d district court judge and Correa's opponent in the primary election, filed a petition for writ of mandamus in the court of appeals alleging that Correa's petitions contained fewer than the required 250 valid signatures. *See* Tex.Elec.Code § 141.063. Correa argued in response that § 172.021(e) burdens access to the ballot of certain judicial candidates in violation of the Fourteenth Amendment. *See Anderson v. Celebrezze*, 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983); *Pilcher v. Rains*, 853 F.2d 334 (5th Cir.1988).

On February 16, 1990, the court of appeals, by 2–1 vote, granted the writ of mandamus and ordered Jack Carter, Chair of the Harris County Democratic Executive Committee, to reject Correa's application. The court of appeals, after holding that the Election Code requires strict compliance, stated:

Correa's petitions contain 333 signatures. We have found that 35 are not registered voters, that 3 do not include a voter registration number, that 5 contain an incorrect registration number, that 1 contains neither the city nor the zip code, that 3 signers witnessed their own signatures, that 33 do not include both the city and a complete zip code, that 1 signature is missing, and that 4 contain no date or an incomplete date. These figures total

85 invalid signatures, leaving 248, less than the required 250.

*Shipley v. Harris Co. Demo. Exec. Comm. and Carlos L. Correa,* 795 S.W.2d 766 (Tex.App.—Houston [1st] 1990, orig. proc.). The dissent argued, on the other hand, that § 172.021(e) should be declared unconstitutional under *Celebrezze* and *Pilcher.*

Correa and Carter subsequently sought mandamus relief in this Court and, immediately after oral argument on February 21, 1990, we granted such relief, with a written opinion to follow. The court of appeals then vacated its judgment, Correa's name was placed on the ballot, and the primary election was held. Shipley won.

Given the results of the primary, a majority of this Court is of the opinion that the cause has become moot. As we have stated before, the "judicial power does not embrace the giving of advisory opinions." *Firemen's Ins. Co. v. Burch,* 442 S.W.2d 331, 333 (Tex.1968). "It is axiomatic that appellate courts do not decide cases in which no controversy exists between the parties." *Camarena v. Texas Emp. Comm'n,* 754 S.W.2d 149, 151 (Tex.1988). Accordingly, our judgment of February 21, 1990, is withdrawn and the cause dismissed.

MAUZY, J., dissents.

MAUZY, Justice, dissenting.

I respectfully dissent. An exception to the mootness doctrine is well-recognized with respect to cases of public importance —especially election cases—which are likely to recur in the future. *See, e.g., Fine v. Elections Board,* 95 Wis.2d 162, 289 N.W.2d 823 (1980) (although election already held with plaintiff's name on ballot, case would not be dismissed as moot); *Foster v. Cuyahoga Co. Bd. of Elections,* 53 Ohio App.2d 213, 373 N.E.2d 1274 (1977); *Carr v. New York State Bd. of Elections,* 40 N.Y.2d 556, 356 N.E.2d 713, 356 N.E.2d 713 (1976). Because the issues raised in this cause are of considerable public importance and virtually certain to arise repeatedly in the near future, I believe we should reach the merits of the cause using the analysis discussed in my concurring

opinion in *Brady v. Fourteenth Court,* C–9538, 33 Tex.Sup.Ct.J. 391 (April 11, 1990).