NO. 07-01-0501-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY18, 2002



______________________________




IN RE DENNIS HOOD, RELATOR



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

MEMORANDUM OPINION (1)


 By this original proceeding, relator Dennis Hood, proceeding pro se and in forma
pauperis, seeks a writ of mandamus to compel the judge of the 181st District Court of
Potter County to issue a bench warrant for him to return to Potter County for a new trial
after his conviction was reversed and the cause remanded for further proceedings on April
29, 1997. For the reasons expressed herein, we deny the petition for writ of mandamus.

 Pursuant to this Court's request, the State filed a response to relator's petition
indicating that relator's case is presently set for trial at the March or April 2002 docket. The
State also attached certified copies of an Application for Bench Warrant and Bench
Warrant to have relator brought before the 181st District Court of Potter County for a
hearing on February 4, 2002. Inasmuch as the relief sought to be compelled by relator's
petition has been performed, this proceeding is moot and this Court will not issue a
meaningless writ. Continental Oil Company v. Lesher, 500 S.W.2d 183, 186
(Tex.Civ.App.-Houston [1st Dist.] 1973, no writ); see also Correa v. First Court of Appeals,
795 S.W.2d 704, 705 (Tex. 1990) (holding that appellate courts do not decide cases in
which no controversy exists between the parties). 

 Accordingly, the petition for writ of mandamus is denied as moot.


 Don H. Reavis

 Justice

 


Do not publish.
1. Tex. R. App. P. 47.1.



r an extension of time in which to file the reporter's record indicating that he was
unable to complete an approximate 50-page record due to his case load and was given until
December 2, 2002. The record has yet to be filed and no further request for an extension of time
was filed. Thus, we now abate the appeal and remand the cause to the trial court for further
proceedings. See Tex. R. App. P. 37.3(a)(2). 

 Upon remand, the trial court shall immediately cause notice of a hearing to be given and,
thereafter, conduct a hearing to determine the following:

 1. whether appellant desires to prosecute this appeal, and if so,

 2. why appellant has been deprived of a reporter's record.


The trial court shall cause the hearing to be transcribed. Should it be determined that appellant
does want to continue this appeal and is indigent, then the trial court shall also take such
measures as may be necessary to assure appellant a reporter's record. The trial court shall
execute findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues, and cause its findings and conclusions to be included in a supplemental
clerk's record. A supplemental record of the hearing shall also be included in the appellate
record. Finally, the trial court shall file the supplemental records with the Clerk of this Court by
Friday, February 21, 2003.

 It is so ordered.

 Per Curiam

Do not publish.

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.