NUMBER 13-08-00745-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE JUAN ANGEL GUERRA,


DISTRICT AND COUNTY ATTORNEY FOR WILLACY COUNTY,


STATE OF TEXAS






On Petition for Temporary Injunction (Temporary Restraining Order)


and Amended Motion for Stay of Execution of Order


of the 197th District Court.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion Per Curiam (1)



 Relator, Juan Angel Guerra, District and County Attorney for Willacy County, State
of Texas, filed a "Petition for Temporary Injunction (Temporary Restraining Order)" and an
amended "Motion for Stay of Execution of Order of the 197th District Court" on December
30, 2008. Through his petition, Guerra seeks issuance of a temporary restraining order,
a temporary injunction, writs of prohibition and mandamus, and general equitable relief
regarding an order issued on December 12, 2008, by the Honorable J. Manuel Bañales,
sitting as the assigned judge of the 197th Judicial District Court of Willacy County, Texas. 

 Relator's petition presents issues that are important to the jurisprudence of the state
and that merit serious consideration. Had Relator filed in a timely fashion, this Court could
have acted on the petition. (2) However, Relator's delay in filing his mandamus petition made
it impossible for this Court to take timely, effective action. Tex. R. App. P. 52.8(b) (before
granting mandamus relief, Court must request a response to the petition); id. 52.8(d) (when
granting relief, the Court must hand down a written opinion as in any other case). 
Specifically, this matter has been rendered moot by the passage of time and the electoral
process. See, e.g., Correa v. First Court of Appeals, 795 S.W.2d 704, 705 (Tex. 1990)
(orig. proceeding). 

 A case becomes moot if a controversy ceases to exist between the parties at any
stage of the legal proceedings. In re Kellogg Brown & Root, 166 S.W.3d 732, 737 (Tex.
2005) (orig. proceeding). The mootness doctrine limits courts to deciding cases in which
an actual controversy exists between the parties. Fed. Deposit Ins. Corp. v. Nueces
County, 886 S.W.2d 766, 767 (Tex. 1994). Stated otherwise, a case becomes moot, and
thus unreviewable, when one seeks to obtain relief on some alleged controversy when in
reality none exists, or on some matter which, when granted, cannot have any practical legal
effect on a then-existing controversy. See In re Guerra, 235 S.W.3d 392, 433 (Tex. App.
Corpus Christi 2007, orig. proceeding). 

 At this time, any ruling that this Court might issue in this matter would have no
practical effect on a presently-existing controversy. See id.; see also Tex. R. App. P. 7.2(a)
(concerning the substitution of public officers "if appropriate" in original proceedings when
that officer ceases to hold office). Moreover, none of the exceptions to the mootness
doctrine are applicable herein. See Fed. Deposit Ins. Corp., 886 S.W.2d at 767
(recognizing the "capable of repetition yet evading review exception" and the "collateral
consequences" exceptions to the mootness doctrine); Guerra, 235 S.W.3d at 433
(recognizing the "public interest" exception to the mootness doctrine).

 Accordingly, we do not address the merits of the issues herein, and we DISMISS
this original proceeding as moot. See Tex. R. App. P. 52.8(d). Relator's motion for stay
of execution is likewise DISMISSED as moot. 

 PER CURIAM


Memorandum Opinion delivered and

filed this 15th day of January, 2009.

 

 








 
1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. The order about which Relator now complains was issued on December 12, 2008. However, Relator
did not file his mandamus petition until 4:48 p.m. on December 30, 2008--only one day before his term of
office expired.