

## NUMBER 13-08-00745-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE JUAN ANGEL GUERRA,
### DISTRICT AND COUNTY ATTORNEY FOR WILLACY COUNTY,
### STATE OF TEXAS

### On Petition for Temporary Injunction (Temporary Restraining Order) and Amended Motion for Stay of Execution of Order of the 197th District Court.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion Per Curiam[1]**

Relator, Juan Angel Guerra, District and County Attorney for Willacy County, State

of Texas, filed a "Petition for Temporary Injunction (Temporary Restraining Order)" and an

amended "Motion for Stay of Execution of Order of the 197th District Court" on December

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

30, 2008. Through his petition, Guerra seeks issuance of a temporary restraining order, a temporary injunction, writs of prohibition and mandamus, and general equitable relief regarding an order issued on December 12, 2008, by the Honorable J. Manuel Bañales, sitting as the assigned judge of the 197th Judicial District Court of Willacy County, Texas.

Relator's petition presents issues that are important to the jurisprudence of the state and that merit serious consideration. Had Relator filed in a timely fashion, this Court could have acted on the petition.[2] However, Relator's delay in filing his mandamus petition made it impossible for this Court to take timely, effective action. TEX. R. APP. P. 52.8(b) (before granting mandamus relief, Court must request a response to the petition); *id.* 52.8(d) (when granting relief, the Court must hand down a written opinion as in any other case). Specifically, this matter has been rendered moot by the passage of time and the electoral process. *See, e.g., Correa v. First Court of Appeals*, 795 S.W.2d 704, 705 (Tex. 1990) (orig. proceeding).

A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings. *In re Kellogg Brown & Root*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). The mootness doctrine limits courts to deciding cases in which an actual controversy exists between the parties. *Fed. Deposit Ins. Corp. v. Nueces County*, 886 S.W.2d 766, 767 (Tex. 1994). Stated otherwise, a case becomes moot, and thus unreviewable, when one seeks to obtain relief on some alleged controversy when in reality none exists, or on some matter which, when granted, cannot have any practical legal effect on a then-existing controversy. *See In re Guerra*, 235 S.W.3d 392, 433 (Tex. App.

---

[2] The order about which Relator now complains was issued on December 12, 2008. However, Relator did not file his mandamus petition until 4:48 p.m. on December 30, 2008—only one day before his term of office expired.

Corpus Christi 2007, orig. proceeding).

At this time, any ruling that this Court might issue in this matter would have no practical effect on a presently-existing controversy. *See id.*; *see also* TEX. R. APP. P. 7.2(a) (concerning the substitution of public officers "if appropriate" in original proceedings when that officer ceases to hold office). Moreover, none of the exceptions to the mootness doctrine are applicable herein. *See Fed. Deposit Ins. Corp.*, 886 S.W.2d at 767 (recognizing the "capable of repetition yet evading review exception" and the "collateral consequences" exceptions to the mootness doctrine); *Guerra*, 235 S.W.3d at 433 (recognizing the "public interest" exception to the mootness doctrine).

Accordingly, we do not address the merits of the issues herein, and we DISMISS this original proceeding as moot. *See* TEX. R. APP. P. 52.8(d). Relator's motion for stay of execution is likewise DISMISSED as moot.

PER CURIAM

Memorandum Opinion delivered and
filed this 15th day of January, 2009.