CITY OF DALLAS, Mayor Mike Rawlings, Councilmember Jerry R. Allen, Councilmember Monica R. Alonzo, Councilmember Tennell Atkins, Councilmember Dwaine R. Caraway, Councilmember Carolyn R. Davis, Councilmember Scott Griggs, Councilmember Sandy Greyson, Councilmember Von-ciel Jones Hill, Councilmember Angela Hunt, Councilmember Delia Jasso, Councilmember Sheffie Kadane, Councilmember Linda Koop, Councilmember Ann Margolin, and Councilmember Pauline Medrano, Appellants,

v.

Phyllis Lister BROWN, Appellee.

No. 05–12–00116–CV.

Court of Appeals of Texas, Dallas.

July 5, 2012.

Rehearing Overruled Aug. 23, 2012.

Barbara E. Rosenberg, James Pinson, City of Dallas Attorney's Office, Dallas, TX, for Appellants.

T. Ray Guy, Glenn D. West, Weil, Gotshal & Manges LLP, Dallas, TX, for Appellee.

Before Justices MORRIS, MOSELEY, and MYERS.

## OPINION

Opinion By Justice MYERS.

Appellants City of Dallas, Mayor Mike Rawlings, Councilmember Jerry R. Allen, Councilmember Monica R. Alonzo, Councilmember Tennell Atkins, Councilmember Dwaine R. Caraway, Councilmember Carolyn R. Davis, Councilmember Scott Griggs, Councilmember Sandy Greyson, Councilmember Vonciel Jones Hill, Councilmember Angela Hunt, Councilmember Delia Jasso, Councilmember Sheffie Kadane, Councilmember Linda Koop, Councilmember Ann Margolin, and Councilmember Pauline Medrano bring this interlocutory appeal of the trial court's denial of their plea to the jurisdiction and grant of a temporary injunction sought by appellee Phyllis Lister Brown. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (West Supp.2011) (appeals from interlocutory orders). Because Brown's petition alleged that the City Council's actions to remove her from office as a municipal judge were ultra vires, and because Brown challenged the validity of a municipal ordinance, the trial court did not err in denying appellants' plea to the jurisdiction. We also conclude, however, that the issue of the validity of the trial court's temporary injunction order is moot. We therefore affirm the trial court's order denying the plea to the jurisdiction and dismiss the portion of the appeal challenging the temporary injunction order. We remand the cause for further proceedings.

### BACKGROUND

Prior to the events giving rise to this lawsuit, Brown was serving as a full-time municipal judge for the City of Dallas Municipal Court of Record. Brown was appointed municipal judge by Dallas City Ordinance No. 27928, dated June 23, 2010, for a two-year term ending May 31, 2012. The Dallas City Charter provides that a City of Dallas municipal judge holds office for two years from the date of appointment or until a successor is appointed and qualified, unless sooner removed for cause by the council. Dallas, Tex., Charter ch. VIII, § 4.

On December 13, 2011, Brown filed the paperwork to become a candidate for judicial office in the Democratic Party's primary election to the 162nd Judicial District Court of Dallas County. On January 18,

2012, the Dallas City Council passed Dallas City Ordinance No. 28527 removing Brown from office. Citing Chapter III, Section 17 of the Dallas City Charter, the Ordinance stated that "an appointive officer of the city shall immediately forfeit his or her position with the city if he or she becomes a candidate for nomination or election to any public office."

In anticipation of her removal, Brown had filed a petition seeking injunctive and declaratory relief against appellants in November 2011. Appellants filed a plea to the jurisdiction alleging that any suit against them was barred by the doctrine of governmental immunity. After a hearing, the trial court denied appellants' plea as to Brown's claims for declaratory and injunctive relief and for ultra vires acts in violation of the City Charter, and reserved decision on appellants' plea as to Brown's other claims until trial on the merits. The trial court also entered a temporary restraining order requested by Brown. Appellants appealed both orders, and Brown sought emergency temporary relief from this Court. We granted Brown's motion in part, lifting the stay imposed by § 51.014(b) of the Texas Civil Practice and Remedies Code "for the limited purpose of allowing the trial court to: 1) render an order on appellee's application for a temporary restraining order; 2) hold a hearing and render an order on appellee's application for a temporary injunction; and 3) rule on the remainder of appellants' plea to the jurisdiction." The trial court held a hearing pursuant to our order, granting Brown's application for temporary injunction and denying the remainder of the plea to the jurisdiction. The injunction order provides that the "injunction continues until the earliest of the appointment of a successor to the Plaintiff's bench, until the trial on the merits of this case, or further order of this Court." Appellants now appeal these orders.

APPLICABLE LAW

A party may contest a trial court's subject matter jurisdiction by filing a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999). We review a trial court's ruling on a plea to the jurisdiction de novo. *City of Dallas v. Turley,* 316 S.W.3d 762, 766 (Tex.App.-Dallas 2010, pet. denied) (citing *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226, 228 (Tex. 2004)). To prevail on a plea to the jurisdiction, a party must show that even if all the allegations in the plaintiff's pleadings are taken as true, an incurable defect apparent on the face of the pleadings makes it impossible for the pleadings to confer jurisdiction on the trial court. *Rylander v. Caldwell,* 23 S.W.3d 132, 135 (Tex.App.-Austin 2000, no pet.).

"When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *City of El Paso v. Heinrich,* 284 S.W.3d 366, 378 (Tex.2009) (citing *Miranda,* 133 S.W.3d at 226). We construe the pleadings liberally in favor of the plaintiffs and look to the pleader's intent. *Id.* If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Id.* If there is no question of fact as to the jurisdictional issue, the trial court must rule on the plea to the jurisdiction as a matter of law. *Id.* If, however, the jurisdictional evidence creates a fact question, then the trial court cannot grant the plea to the jurisdiction, and the issue must be resolved by the fact finder. *Id.* This standard mirrors our review of summary judg-

ments, and we therefore take as true all evidence favorable to Brown, indulging every reasonable inference and resolving any doubts in her favor. *See id.*

For claims challenging the validity of ordinances or statutes, the Declaratory Judgment Act requires that the relevant governmental entities be made parties, and thereby waives immunity. TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(b) (West 2008); *Heinrich*, 284 S.W.3d at 373 n. 6. The Declaratory Judgment Act, however, does not enlarge a trial court's jurisdiction, and a litigant's request for declaratory relief does not confer jurisdiction on a court or change a suit's underlying nature. *Texas Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002).

The purpose of a temporary injunction is to preserve the status quo of the subject matter of the litigation pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002). A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Id.* To obtain a temporary injunction, the applicant must plead and prove (1) a cause of action against the defendant, (2) a probable right to the relief sought, and (3) a probable, imminent, and irreparable injury in the interim. *Id.* An injury is irreparable if the injured party cannot be compensated adequately in damages or if the damages cannot be measured by any certain pecuniary standard. *Id.* At a temporary injunction hearing, the trial court considers whether the applicant has shown a probability of success and irreparable injury; the parties do not present the underlying merits of the controversy. *Marketshare Telecom, L.L.C. v. Ericsson, Inc.*, 198 S.W.3d 908, 922 (Tex.App.-Dallas 2006, no pet.). A reviewing court will reverse a temporary injunction order only if the record shows a clear abuse of discretion. *Id.*

at 916. A trial court abuses its discretion when it misapplies the law to established facts or when the evidence does not reasonably support the trial court's determination of probable injury or probable right of recovery. *Id.*

When a temporary injunction becomes inoperative due to a change in status of the parties or the passage of time, however, the issue of its validity is also moot. *See Texas Educ. Agency v. Dallas Indep. Sch. Dist.*, 797 S.W.2d 367, 369 (Tex.App.-Austin 1990, no writ). An appellate court decision about a temporary injunction's validity under such circumstances would constitute an impermissible advisory opinion. *See id.; see also Correa v. First Court of Appeals*, 795 S.W.2d 704, 704 (Tex.1990) (orig. proceeding) (judicial power does not embrace the giving of advisory opinions).

In our review of both the plea to the jurisdiction and the temporary injunction, the ultimate merits of the parties' controversy are not before us. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000) (plea to the jurisdiction) ("the plea should be decided without delving into the merits of the case"); *Tom James of Dallas, Inc. v. Cobb*, 109 S.W.3d 877, 885, 890 (Tex.App.-Dallas 2003, no pet.) (temporary injunction) (declining "to reach the ultimate issue" on the merits).

### DISCUSSION

In their first issue, appellants contend the trial court erred in denying the plea to the jurisdiction. In *Heinrich*, the court recognized an *"ultra vires exception"* to sovereign immunity:

[I]t is clear that suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity even if a declaration to that effect compels the payment

of money. To fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act.... Thus, *ultra vires* suits do not attempt to reassert the control of the state. Stated another way, these suits do not seek to alter government policy but rather to enforce existing policy.

284 S.W.3d at 372 (citations and footnote omitted).

In her Fourth Amended Original Petition, Brown alleged:

> Judge Brown seeks injunctive relief to preclude the Defendants, members of the Dallas City Council (the "City Council") and the City of Dallas ("City"), from enforcing the city ordinance (the "Ordinance") (Ex. A) that it passed purporting to remove Judge Brown from, or declare forfeited, her position on the municipal court of record in the City of Dallas (the "Municipal Court") based on a provision in the Dallas City Charter (the "Charter") that is inapplicable on its face to the Municipal Court or to a municipal judge appointed to serve on the Municipal Court (a "Municipal Judge"). Such action by the City Council constitutes *ultra vires* conduct, exceeding the authority granted to the Defendants pursuant to the Charter and applicable state law. Judge Brown seeks a declaration that the Ordinance is invalid.

Brown further pleaded, "[t]he City Council unlawfully passed the Ordinance because it based its authority to remove Judge Brown on an inapplicable Charter provision. As such, the City Council's action constitutes *ultra vires* action that invalidates the ordinance." Her first cause of action is captioned, "the City Council's *Ultra Vires* Actions Exceed the City Council's Authority Under the City Charter." Her second cause of action is captioned, "the City Council's Threatened *Ultra Vires* Actions Exceed the City Council's Authority Under the Texas Constitution." The substance of these claims is that appellants' actions to remove Brown from her position on the municipal court exceeded any authority granted to appellants in the City Charter or the Texas Constitution. Based on these allegations, Brown sufficiently invoked the ultra vires exception to sovereign immunity described in *Heinrich. See also Texas Dep't of State Health Servs. v. Holmes*, 294 S.W.3d 328, 336 (Tex.App.-Austin 2009, pet. denied) (allegations that Commissioner exceeded statutory authority invoked ultra vires exception to sovereign immunity). Brown also sought a declaratory judgment pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code declaring the Ordinance to be *ultra vires* and invalid, a claim for which immunity is waived. *Heinrich*, 284 S.W.3d at 373 n. 6.

Appellees counter that a mere claim of ultra vires acts is insufficient. They contend that to assert a valid ultra vires claim, the plaintiff must allege and ultimately prove that an officer acted without legal authority. They argue that Brown alleges only facts demonstrating acts within appellants' legal authority and discretion, and therefore that her claims are barred by sovereign immunity. We disagree that Brown's allegations are insufficient to allege lack of legal authority, and we do not decide in this appeal whether Brown can "ultimately prove" her ultra vires allegations. *See Bland Indep. Sch. Dist.*, 34 S.W.3d at 554 (plea to jurisdiction should be decided without delving into merits of case). We overrule appellants' first issue.

In their second issue, appellants contend that the trial court was without jurisdiction

to enter the temporary injunction because appellants "have sovereign immunity from all the claims that Brown has alleged." For the reasons stated above, we reject appellants' argument.

Appellants also contend, however, that Brown has not suffered irreparable harm. Brown pleaded and offered testimony that she would suffer irreparable harm because of the ethical question raised regarding whether she could use the title "judge" in her judicial campaign. She argued that she would be harmed by "a negative perception by voters for being forcibly removed from office for a purported violation of the Charter." Brown testified that the City's efforts to remove her from office had already resulted in negative publicity in the news media. She alleged that she "will apparently be unable to recover lost wages due to the City's sovereign immunity defense." She pleaded that "[n]o amount of money damages could compensate her for the negative inferences that will be drawn by voters if Defendants remove her from, or declare forfeited, her position on the Municipal Court or for the loss of or uncertainty respecting her ability to campaign using the title 'Judge.'" Brown offered her own testimony and the testimony of an expert witness as evidence to support her contentions. In the temporary injunction order, the trial court stated that Brown "will be irreparably harmed by creating negative publicity, a negative perception on the part of voters, and the inability to recover back wages."

■ Brown testified at the injunction hearing, however, that she was seeking only to restrain the City from removing her from office before the end of her term: "We are only asking that the Court—today we are asking the Court to issue an injunction to allow me to remain in my position as granted by the ordinance in 2010." And as the trial court noted, "I'm not

aware of anything in the plaintiff's petition that would justify my trying to restrict the authority of the City Council to appoint whomever it chooses to serve at the conclusion of Judge Lister Brown's current term." Brown's term has now expired. Under the terms of the City Charter, the council may appoint her successor. Dallas, Tex., Charter ch. VIII, § 4. The temporary injunction preventing appellants from enforcing the ordinance removing Brown from office no longer serves a purpose in preventing any irreparable injury, because the City need not rely on the removal ordinance to appoint a successor to the bench. While the merits of Brown's claims challenging the validity of the removal ordinance are not moot, the status quo to be preserved by the temporary injunction has changed with the passage of time. Any opinion we would render on the validity of the injunction would be advisory, because any relief we could grant would not have any practical effect on the dispute between the parties. *See Correa*, 795 S.W.2d at 704 (where plaintiff obtained writ of mandamus requiring his name to be included on ballot, but subsequently lost election, issue of constitutionality of Election Code provision regarding access to ballot was moot; opinion would be advisory only). We dismiss the portion of the appeal challenging the trial court's temporary injunction order. *See id.*

CONCLUSION

We conclude that Brown's claims are not barred by governmental immunity, so that the trial court did not err in denying appellants' plea to the jurisdiction. We conclude that the issue of the validity of the trial court's temporary injunction order is moot. We therefore affirm the trial court's order denying the plea to the jurisdiction and dismiss the portion of the appeal challenging the temporary injunction

order. We remand the cause for trial on the merits.