United States Court of Appeals,

Fifth Circuit.

No. 93-7243.

DONNA INDEPENDENT SCHOOL DISTRICT and Hidalgo County, Plaintiffs-Appellants,

v.

Guillermina G. BALLI, Etc., et al., Defendants,

Guillermina G. BALLI, Individually, Etc., and FDIC, as Receiver for Hidalgo County Bank & Trust Co., Defendants/Cross-Defendants-Appellees,

v.

CITY OF DONNA, Defendant/Cross-Claimant-Appellant.

May 24, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, KING and GARWOOD, Circuit Judges.

POLITZ, Chief Judge:

Three Texas taxing units, the City of Donna, the Donna Independent School District, and Hidalgo County, appeal a judgment prohibiting their foreclosure on property tax liens without preserving liens held by the Federal Deposit Insurance Corporation in its capacity as receiver for certain failed financial institutions. We affirm.

*Background*

The underlying facts would have involved a routine effort by local taxing units to collect delinquent ad valorem real estate taxes but for one development—the financial institutions holding deed of trust liens on the properties became insolvent and the FDIC

1

was appointed receiver. The affected realty consists of 110 lots owned by Reynaldo Balli and his family, all but one of which were mortgaged to Hidalgo County Bank & Trust Company, with the remaining lot being mortgaged to The First National Bank of Weslaco. The taxing units brought a foreclosure action against the Ballis and named the FDIC in its capacity as receiver for the banks. The FDIC removed to federal court which entered summary judgment for the taxing units but decreed that foreclosure on the tax liens would be subject to the FDIC's deed of trust liens. The taxing units timely appealed.

*Analysis*

The taxing units contend that the FDIC's liens are subordinate to the tax liens and are thus extinguished in a tax sale. The FDIC agrees that the tax liens have priority but maintains that 12 U.S.C. § 1825(b)[1] preserves its liens. We recently addressed that issue in *Matagorda County v. Law,*[2] holding that the local taxing authorities may not foreclose on property subject to an FDIC lien without the FDIC's consent. That precedent governs.

Alternatively, the taxing units maintain that the operation of section 1825(b)(2) works a compensable taking under the fifth

---

[1]12 U.S.C. § 1825(b)(2) provides:

> No property of the Corporation shall be subject to levy, attachment, garnishment, *foreclosure* or sale without the consent of the Corporation, nor shall any involuntary lien attach to the property of the corporation [emphasis added].

[2]19 F.3d 215 (5th Cir.1994).

2

amendment.  That is a closer question.  Recognizing in *Matagorda County* that the statute delayed the collection of delinquent taxes, we did not find a problem of constitutional dimension in the length of the delay presented therein.  We noted, however, that "[u]nmitigated delay, coupled with diminishment of distinct investment-backed expectations, *may, at some point,* infringe on the entire "bundle' of rights enjoyed by the [taxing units] to the point that a compensable taking occurs."[3]

The delay in *Matagorda County* was 27 months;  the FDIC acquired its liens in August of 1990 and the judgment decreeing the tax liens was entered on November 10, 1992.  We characterized that period as "approaching" the maximum permissible without being a taking.[4]  The delay in the instant case is significantly longer.  The FDIC acquired the First National Bank of Weslaco lien on February 20, 1987 and the Hidalgo County Bank & Trust lien on July 27, 1989.  Judgment decreeing the tax liens was entered herein on April 1, 1993.

We would likely find a taking herein but for a critical distinction between the facts of this case and those in *Matagorda County.*  There, the adjudged value of the property was $333,660 and the outstanding balance on the notes underlying the FDIC lien was $891,000 plus interest.  "As a practical matter," we found that the taxing units could not sell the property with the FDIC lien in place.  Here, by contrast, the value of the property is $529,578

---

[3]19 F.3d at 225.

[4]19 F.3d at 225 n. 11.

3

and the outstanding balance on the Balli notes is $196,689.73 plus interest.[5] Unlike *Matagorda County,* the survival of the FDIC liens does not prevent a tax sale. The causal connection between the delay and the statutory protection accorded the FDIC's liens is significantly attenuated. We perceive no taking cognizable under the fifth amendment in this factual scenario.

AFFIRMED.

---

[5]The taxing units place the value at $333,660 and the delinquent taxes at $154,039. From these figures, they argue that preservation of the FDIC liens precludes a tax sale because there is no equity in the property. The Final Judgment, however, indicates value of $529,578 for Lots 1-109 and 117, the tracts at issue herein, and delinquent taxes of $73,488.83 plus interest. There is sufficient equity to permit a tax sale.