FEDERAL DEPOSIT INSURANCE COR-
PORATION, as receiver for NBC Bank–
South Texas, N.A., Petitioner,

v.

NUECES COUNTY and Robstown
Independent School District,
Respondents.

No. D–4397.

Supreme Court of Texas.

Argued Sept. 22, 1994.

Filed Oct. 13, 1994.

Rehearing Overruled Nov. 3, 1994.

Anne S. DuRoss, Colleen Bombardier, David N. Wall, Washington, DC, Darryl W. Brown, Judith G. Taylor, San Antonio, Lawrence H. Richmond, Washington, DC, for petitioner.

Kent M. Rider, Lynda D. Helton, Austin, for respondents.

C.M. Henkel, III, Henkel Hyden & Putnam, Corpus Christi.

CORNYN, Justice, delivered the opinion of the Court, in which all Justices join.

The Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA) provides in part:

> No property of the [Federal Deposit Insurance] Corporation shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Corporation, nor shall any involuntary lien attach to the property of the Corporation.

12 U.S.C. § 1825(b)(2) (1989). This case initially presented the issue of whether this statute bars foreclosure of a statutory property tax lien by local taxing authorities when the Federal Deposit Insurance Corporation (FDIC) is also a lienholder. The trial court determined that it did. While this case was pending in the court of appeals, the FDIC foreclosed its lien, and purchased the property at the foreclosure sale.[1] The court of appeals, while deciding this case was moot, nevertheless issued an opinion in which it commented on the merits of the case under the "public interest" exception to the mootness doctrine. 865 S.W.2d 124. We hold that this case does not fall within any exception to the mootness doctrine, and without reference to the merits, dismiss it as moot.

■ Nueces County and Robstown Independent School District (the taxing authorities) sued Whitley Trucks, Inc., to collect delinquent ad valorem taxes and to foreclose a tax lien on Whitley's real property. The taxing authorities also named the FDIC as a defendant because it held a mortgage lien on

---

1. The taxing authorities have filed a letter with the clerk informing us that the outstanding taxes have now been paid.

the same property. The FDIC contended that its lien was "property" as that term is used in section 1825(b)(2) of FIRREA, and argued that the taxing authorities were thus prohibited from foreclosing on the property without the FDIC's consent. The taxing authorities disagreed. The trial court agreed with the FDIC, rendered summary judgment against Whitley for the amount of the delinquent taxes, and held that any foreclosure sale would be subject to the FDIC's lien. The judgment against Whitley is now final.

After being advised that there was no longer a live controversy between the parties, the court of appeals, rather than dismissing the case as moot, published an opinion in which it decided that a lien interest is not "property" within the meaning of section 1825(b)(2) and that the district court erred in finding that section 1825(b)(2) protected the FDIC's lien interest. Although the court of appeals ultimately set aside the trial court's judgment as moot, it justified its discussion of the merits by relying on the public interest exception to the mootness doctrine, recognized in *University Interscholastic League v. Buchanan*, 848 S.W.2d 298, 304 (Tex. App.—Austin 1993, no writ).

 The mootness doctrine limits courts to deciding cases in which an actual controversy exists. *Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988). The controversy in this case involved the rights of the taxing authorities and the FDIC as competing lienholders under section 1825(b)(2). The FDIC ceased being a lienholder when it foreclosed on and purchased the property; after that, the controversy between the parties ended.

We have recognized two exceptions to the mootness doctrine: (1) the "capable of repetition" exception and (2) the "collateral consequences" exception. *General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990). This Court has not previously decided the viability of the public interest exception, and we find it unnecessary to reach that issue here. As articulated by the court of appeals, the public interest exception permits judicial review of questions of considerable public importance if the nature of the action makes it capable of repetition and yet prevents effective judicial review. Thus, a common element of both the public interest exception and the capable of repetition exception is that the complained of action be capable of repetition yet not effectively reviewable.

Even if we were to recognize a public interest exception to the mootness doctrine, this case does not meet the suggested requirements. Whether liens are property within the meaning of section 1825(b)(2) does not evade appellate review. The Fifth Circuit Court of Appeals addressed this precise issue in two recent decisions: *Donna Independent School District v. Balli*, 21 F.3d 100, 101 (5th Cir.1994), and *Matagorda County v. Law*, 19 F.3d 215, 220–21 (5th Cir.1994). Additionally, the San Antonio Court of Appeals addressed this issue in *State v. Bankerd*, 838 S.W.2d 639, 640–41 (Tex.App.—San Antonio 1992, writ denied).

Accordingly, without reference to the merits, we dismiss this cause as moot.