NUMBER 13-04-449-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

JUAN MARIO VILLAFANI, M.D.,                                                    Appellant,

 

                                                             v.                                

 

ADELA TREJO,                                                                               Appellee.

 

    On
appeal from the 197th District Court of Cameron County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                      Before
Justices Rodriguez, Castillo, and Garza

 Memorandum Opinion by Justice Garza                     

 








By one issue, appellant, Juan Mario Villafani, M.D.,
appeals the trial court=s denial of his motion for dismissal and sanctions
for failure to file an expert report that conformed to the requirements of
former article 4590i of the Texas Revised Civil Statutes.[1]  We dismiss for lack of jurisdiction.

Appellee Adela Trejo sued Villafani alleging medical
negligence.  On November 25, 2003, Trejo
produced her expert report required by '13.01(d) of 4590i of the Texas Revised Civil
Statutes.  Villafani filed his Motion for
Sanctions and dismissal alleging the report was inadequate.  The trial court denied Villafani=s motion on April 7, 2004.   Trejo 
then filed a notice of non-suit on her claims against Villafani, see Tex. R. Civ. P. 162, and the trial
court dismissed the claims without prejudice on July 29, 2004.  Subsequently, appellant appealed to this
Court, challenging the trial court=s denial of his motion.  We conclude that this Court lacks subject
matter jurisdiction to review the interlocutory order because it was rendered
moot by the trial court=s subsequent dismissal of the case.  See FDIC v. Nueces County, 886 S.W.2d
766, 767 (Tex. 1994).  The non-suit
vitiated the order and rendered any controversy moot.  See In re Bennett, 960 S.W.2d 35, 38
(Tex. 1997) (orig. proceeding) (per curiam). 
The motion for sanctions and dismissal was not a pending claim at the
time the non-suit was granted. 
Accordingly, rule 162 cannot be a basis for jurisdiction. See Tex. R. Civ. P. 162.  This appeal is therefore dismissed for lack
of jurisdiction.           

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Dissenting Memorandum Opinion

by Justice Errlinda Castillo.

 

Memorandum Opinion delivered and

filed this the 6th day of October, 2005.

 











[1] 
See Medical Liability and Insurance Improvement Act of Texas,
65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, repealed by Act of June 2,
2003, 78th Leg., R.S., ch. 204 ' 10.09, 2003 Tex. Gen. Laws 847, 884
(current version at Tex. Civ. Prac.
& Rem. Code Ann. ' 74.001‑.507 (Vernon
2005)).  Because the repealed act was in
effect at the time Trejo filed this lawsuit, we will refer to it by its former
statutory designation, article 4590i.