**Motion to Dismiss Granted; Limited Motion for Rehearing Granted in Part, Memorandum Opinion filed January 5, 2012, Withdrawn, Judgment Vacated, Appeal Dismissed, and Substitute Memorandum Opinion filed January 24, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-10-01252-CV
_____

### CALVIN NICHOLAS, Appellant

### V.

### DEUTSCHE BANK NATIONAL TRUST COMPANY IN ITS CAPACITY AS INDENTURE TRUSTEE FOR THE NOTEHOLDERS OF AAMES MORTGAGE INVESTMENT TRUST 2005-2, A DELAWARE STATUTORY TRUST, Appellee

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 976690**

## S U B S T I T U T E   M E M O R A N D U M   O P I N I O N

Appellant filed a limited motion for rehearing. We grant the motion in part. We deny appellant's request to amend the disposition of costs to order each party to bear its own costs. We withdraw our Memorandum Opinion filed January 5, 2012, and issue this Substitute Memorandum Opinion in its place.

This appeal arises from a judgment signed December 9, 2010, in a de novo appeal from the justice court in a forcible detainer action. The county court at law awarded possession of appellant's residence to the mortgage holder following a foreclosure. Appellant did not supersede the judgment, and a writ of possession was executed on November 29, 2011, evicting appellant from the property. *See* Tex. Prop. Code § 24.007.

On December 2, 2011, appellee filed a motion to dismiss the appeal as moot. *See* Tex. R. App. P. 42.3(a); *see also FDIC v. Nueces Cty.*, 886 S. W.2d 766, 767 (Tex. 1994) (holding that mootness doctrine limits courts to deciding cases in which an actual controversy exists).

The only issue in a forcible detainer action is the right to immediate possession, not the merits of title to the property. *See* Tex. R. Civ. P. 746; *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). If a defendant in a forcible detainer action is no longer in possession of the premises, then an appeal from the forcible detainer judgment is moot unless the defendant asserts "a potentially meritorious claim of right to current, actual possession of the [premises]." The pendency of a claim to title to the property does not prevent the court in the forcible detainer action from determining that the plaintiff has the superior right to immediate possession of the property. *Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see also Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (mortgagee established right to immediate possession in forcible detainer action following its purchase of property at foreclosure sale, despite allegations of failure to comply with Fair Debt Collection Practice Act).

Because appellant is no longer in possession of the property and he does not assert a potentially meritorious claim of right to current, actual possession of the property, his appeal is moot. *See Marshall*, 198 S.W.3d at 787; *Wilhelm,* 349 S.W.3d at 769.

Appellee's motion is granted. Accordingly, we vacate the county court's

judgment and dismiss this appeal as moot.  *See Marshall*, 198 S.W.3d at 790.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Jamison and McCally.