

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00606-CV

**ARGO GROUP US, INC.**, Colony Management Services, Inc., Colony Insurance Company, Colony National Insurance Company, Colony Specialty Insurance Company, Colony Agency Services, Inc., and Argo Group International Holdings, Ltd.,
Appellants

v.

Louis D. **LEVINSON**, International Financial Group, Inc., Guilford Specialty Group, Inc., Guilford Insurance Company, and The Burlington Insurance Company,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-09550
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: January 14, 2015

APPEAL DISMISSED AS MOOT

This is an appeal from the trial court's denial of appellants' request for a temporary injunction. Because we conclude this appeal is moot, we dismiss.

### BACKGROUND

Argo Group US, Inc. and other entities wholly-owned by Argo Group US, Inc. (collectively, "Argo") are in the business of underwriting excess and surplus lines insurance, as well as other types of insurance. Argo employed Louis Levinson as president of Argo's excess

and surplus division. Levinson's employment agreement with Argo contained a restrictive covenant that prohibited him from being employed, engaged, or otherwise interested in the business of a competing insurance company for one year after leaving Argo. Levinson resigned from Argo effective August 25, 2013.

Argo sued Levinson and others on June 16, 2014, asserting Levinson violated the restrictive covenant, raising several causes of action, and requesting injunctive relief. The trial court denied the request for injunctive relief on August 18, 2014. The one-year restriction contained in the covenant not to compete expired on August 25, 2014. Appellants filed their notice of appeal in this court on August 25, 2014; appellants filed their brief on September 26, 2014; appellees filed their brief on October 17, 2014; and the appeal was submitted to this court on January 8, 2015. On appeal, appellees assert this appeal is moot. We agree.

## DISCUSSION

The mootness doctrine limits courts to deciding cases in which an actual, live controversy exists. *See FDIC v. Nueces County*, 886 S.W.2d 766, 767 (Tex. 1994). In fact, it is inappropriate for appellate courts to decide abstract or academic questions of law or render advisory opinions. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993).

The covenant in question prohibited Levinson from competing with Argo for a period of one year following the termination of the parties' employment agreement. It is undisputed that (1) Levinson's resignation became effective on August 25, 2013, and (2) the restrictive covenant expired by its own terms on August 25, 2014. Because the covenant has expired, the issue of whether the trial court properly denied appellants' request for a temporary injunction is now moot. *See Rimes v. Club Corp. of America*, 542 S.W.2d 909, 912 (Tex. Civ. App.—Dallas 1976, writ ref'd n.r.e.) ("Here, the parties entered into a contract providing for a noncompetitive period following cessation of employment and such period is now past which causes the issue to become

moot. Therefore, the trial court clearly abused its discretion by entering this injunctive order because C.C.A. could not possibly show a probable right of recovery upon the trial of the merits in the permanent injunction hearing."); *see also In re AutoNation, Inc.*, 228 S.W.3d 663, 669, n.28 (Tex. 2007) (orig. proceeding) (holding that to the extent one of the parties had standing to challenge the validity of the non-competition agreement, that challenge was moot because the non-compete covenant had expired during the pendency of the appeal).

Accordingly, any judgment rendered in this appeal would be advisory because it would not affect the legal rights of the parties with regard to the requested injunctive relief. Appellants seek to avoid this consequence by arguing they seek an equitable extension of the non-compete period. However, a request for an equitable extension was not expressly made to the trial court and this court may not reform a covenant that is no longer in effect. *See Weatherford Oil Tool Co. v. Campbell*, 340 S.W.2d 950, 952 (Tex. 1960).

## CONCLUSION

Accordingly we dismiss the appeal from the trial court's denial of appellants' request for a temporary injunction.[1]

Sandee Bryan Marion, Chief Justice

---

[1] The merits of appellants' underlying causes of action remain pending and are not moot.