**Dismissed as Moot and Memorandum Opinion filed March 10, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00667-CV

## NEXTERA ENERGY, INC., Appellant

### V.

## PUBLIC UTILITY COMMISSION OF TEXAS, Appellee

**On Appeal from the 201st District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-17-003234**

## M E M O R A N D U M   O P I N I O N

This appeal challenges a decision by appellee Public Utility Commission of Texas (the "Commission") denying appellant NextEra Energy, Inc.'s ("NextEra") application for regulatory approval of its proposed acquisition of Oncor Electric Delivery Company, LLC ("Oncor"). For the reasons below, we conclude the issues in NextEra's appeal are moot and do not fall within an exception to the mootness doctrine. We dismiss NextEra's appeal for lack of subject matter jurisdiction.

## BACKGROUND

In its application, NextEra sought regulatory approval under two statutes in the Texas Public Utility Regulatory Act ("PURA"): sections 39.262(m) and 39.915(b).  *See* Act of June 15, 2007, 80th Leg., R.S., ch. 1186, § 1, 2007 Tex. Gen. Laws 4049, 4049 (amended 2017) (current version at Tex. Util. Code Ann. § 39.262); Act of June 15, 2007, 80th Leg., R.S., ch. 939, § 25, 2007 Tex. Gen. Laws 3241, 3252 (amended 2017) (current version at Tex. Util. Code Ann. § 39.915).[1]  These sections require the Commission's approval before certain utility sales, transfers, or mergers may be completed.  In relevant part, these sections state:

> The commission shall approve a transaction under [these sections] if the commission finds that the transaction is in the public interest.  In making its determination, the commission shall consider whether the transaction will adversely affect the reliability of service, availability of service, or the cost of service of the electric utility or transmission and distribution utility.

Act of June 15, 2007, 80th Leg., R.S., ch. 1186, § 1, 2007 Tex. Gen. Laws 4049, 4049 (amended 2017); Act of June 15, 2007, 80th Leg., R.S., ch. 939, § 25, 2007 Tex. Gen. Laws 3241, 3252 (amended 2017).

To secure its acquisition of Oncor, NextEra sought the Commission's approval with respect to two separate transactions.  In the first transaction, NextEra would acquire an 80.03 percent indirect ownership interest in Oncor held by Energy Future Holdings Corporation (the "EFH Transaction").  Through the second transaction, NextEra would acquire a 19.75 percent minority ownership interest in Oncor indirectly held by Texas Transmission Holdings Corporation (the "TTHC Transaction").  NextEra's application stated the EFH and TTHC

---

[1] We cite to the versions of these statutes in effect when NextEra filed its application in October 2016.

Transactions had a combined value of approximately $18.7 billion and assumed a 100 percent ownership interest in Oncor.

The Commission held an evidentiary hearing on NextEra's application and issued an order denying it. After NextEra filed a motion for rehearing, the Commission issued an "Order on Rehearing" again denying NextEra's application and concluding the EFH and TTHC Transactions were "not in the public interest" under PURA sections 39.262(m) and 39.915(b).

NextEra appealed the Commission's denial of its application to the Travis County District Court. The Commission filed a plea to the jurisdiction asserting the issues raised in NextEra's action were moot because the EFH and TTHC Transactions had been terminated. The trial court held a hearing on the Commission's plea and the parties filed a joint exhibit containing documents showing the EFH and TTHC Transactions were terminated.[2] At the hearing, NextEra did not disagree with the Commission's contention that its issues were moot but asserted that its action could proceed nonetheless under exceptions to the mootness doctrine.

The trial court denied the Commission's plea to the jurisdiction. The trial court signed a final judgment on June 19, 2018 affirming the Commission's "Order on Rehearing." NextEra timely appealed and its case was transferred to this court by Supreme Court of Texas Transfer Order.[3]

---

[2] Specifically, the EFH and TTHC Transactions' terminations were discussed in NextEra's 2017 Form 10-Q and Form 8-K filings with the United States Securities and Exchange Commission.

[3] Because of the transfer, we must decide the case in accordance with the precedent of the Third Court of Appeals if our decision otherwise would have been inconsistent with that court's precedent. *See* Tex. R. App. P. 41.3.

ANALYSIS

NextEra asserts four issues on appeal:

1.      The Commission improperly expanded its public interest review under PURA sections 39.262(m) and 39.915(b);

2.      the Commission misapplied the public interest factors in sections 39.262(m) and 39.915(b);

3.      the Commission violated NextEra's due process and equal protection rights by applying a new public interest standard; and

4.      the Commission unlawfully exercised jurisdiction over the TTHC transaction.

The Commission asserts the issues raised in NextEra's appeal are moot because the EFH and TTHC Transactions have been terminated.[4]  NextEra does not dispute that its claims are moot but argues that we should apply either of two exceptions to the mootness doctrine: (1) the "capable of repetition, yet evading review" exception or (2) the "public interest" exception.  Because these arguments go to the court's jurisdiction over NextEra's appeal, we address them first.

## I.      The Issues Raised in NextEra's Appeal Do Not Fall Within the "Capable of Repetition, Yet Evading Review" Exception.

The "capable of repetition, yet evading review" exception "applies only in rare circumstances."  *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001); *accord Kingdomware Techs., Inc. v. U.S.*, 136 S. Ct. 1969, 1976 (2016) (exception applies "only in exceptional situations" (internal quotation omitted)); *Coburn v. Moreland*, 433 S.W.3d 809, 825 (Tex. App.—Austin 2014, no pet.) (same).  To invoke the exception, a plaintiff must show (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable

---

[4] When a case is moot, we lack subject matter jurisdiction to act on the merits.  *See Tex. Quarter Horse Assoc. v. Am. Legion Dep't of Tex.*, 496 S.W.3d 175, 180-81 (Tex. App.—Austin 2016, no pet.).

expectation exists that the same complaining party will be subjected to the same action again. *Coburn*, 433 S.W.3d at 825 (citing *Williams*, 52 S.W.3d at 184).

For the "too short in duration" prong, we inquire whether the challenged activity is by its very nature so short in duration that it cannot be adjudicated while live. *Tex. A&M Univ.-Kingsville v. Yarbrough*, 347 S.W.3d 289, 291 (Tex. 2011); *see also Gates v. Tex. Dep't of Family & Protective Servs.*, No. 03-15-00631-CV, 2016 WL 3521888, at *6 (Tex. App.—Austin June 23, 2016, pet. denied) (mem. op.). "The plaintiff must show that the time between the challenged action and its expiration is always so short as to evade review." *Coburn*, 433 S.W.3d at 825; *accord Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Plaintiffs satisfying this prong of the exception have shown the challenged activity or action endures only for a definite, limited period of time. *See, e.g., Kingdomware Techs., Inc.*, 136 S. Ct. at 1974-76; *Mr. W. Fireworks, Inc. v. Comal Cty.*, No. 03-06-00638-CV, 2010 WL 1253931, at *5 (Tex. App.—Austin Mar. 31, 2010, no pet.) (mem. op.); *Ben Robinson Co. v. Tex. Workers' Comp. Comm'n*, 934 S.W.2d 149, 152-53 (Tex. App.—Austin 1996, writ denied). In *Kingdomware Technologies, Inc.*, the plaintiff challenged a decision by the Department of Veteran Affairs awarding a federal contract to a non-veteran-owned company. 136 S. Ct. at 1975. The federal contract at issue was for a one-year period with an option to extend the agreement for two additional years — the Department exercised the option once and the contract was fully performed in two years. *Id.* at 1975-76. Concluding the plaintiff's action fell within the "capable of repetition, yet evading review" exception, the Supreme Court held the exception "applies to these short-term contracts" and stated that "a period of two years is too short to complete judicial review of the lawfulness of the procurement." *Id.* at 1976.

The Third Court of Appeals also has limited the "capable of repetition, yet

evading review" exception to claims that challenge finite actions or conduct. In *Mr. W. Fireworks, Inc.*, the plaintiff challenged a fireworks ban issued by Comal County. 2010 WL 1253931, at *2-3. Concluding this action satisfied the "too short in duration" prong, the court noted the New Year's fireworks season ended on January 1st and the ban had been issued two days before on December 30th. *Id*. at *5. The court held that, "[b]ecause the period of time between the execution of the ban and the end of fireworks season was so brief, it was impossible for Mr. W. to fully litigate the matter before the controversy became moot." *Id*. Likewise, in *Ben Robinson Co.*, the plaintiff's action challenging an extra-hazardous employer designation that required the implementation of an accident prevention plan in seven-to-ten months was considered "too short in duration" to be adjudicated while live. 934 S.W.2d at 152-53.

But a claim does not fit within the "capable of repetition, yet evading review" exception if there is "nothing inherently short" about the action it challenges. *Amarillo v. R.R. Comm'n of Tex.*, 511 S.W.3d 787, 795 (Tex. App.— El Paso 2016, no pet.). In *Amarillo*, the cities of Amarillo and Lubbock challenged the Railroad Commission's decision regarding 2012 gas utility rates. *Id*. at 792. But the cities approved a new set of utility rates in 2014, rendering their appeal moot. *See id*. at 794-95. This approval, the court concluded, also prevented the cities' attempted invocation of the "capable of repetition, yet evading review" exception. *Id*. at 795. Pointing out that the Commission's rate decision could have been adjudicated "[b]ut for" the cities' approval of the new rates, the court concluded that "there was nothing inherently short about the time period that precluded judicial review." *Id*. at 795; *see also Entergy Servs., Inc. v. Fed. Energy Regulatory Comm'n*, 391 F.3d 1240, 1245-46 (D.C. Cir. 2004) (plaintiffs' contractual challenges were moot where contracts at issue had been cancelled;

action did not fall into exception to mootness doctrine because the plaintiffs "themselves chose to abandon the undertakings that gave rise to the controversy").

Here, NextEra's issues on appeal challenging the Commission's determination regarding the EFH and TTHC Transactions do not fall within the "capable of repetition, yet evading review" exception to the mootness doctrine. Having failed to satisfy the exception's first prong, NextEra has not shown that the challenged action — namely, the Commission's decision denying NextEra's application for approval — is by its very nature so short in duration that it evades judicial review. *See Tex. A&M Univ.-Kingsville*, 347 S.W.3d at 291; *see also Gates*, 2016 WL 3521888, at *6.

With respect to this prong, NextEra argues "[t]he duration of electric utility transactions of the type here does not allow for issues on appeal to be resolved before the transactions are terminated." NextEra supports this assertion with the affidavit of Mark Hickson, its executive vice president of corporate development, strategy, quality, and integration. In the affidavit, Hickson states, in relevant part:

> 3. It is my experience that the exigent nature of transactions involving electrical utilities is dictated by changing market conditions, such as changes in interest rates, credit rating agency reports, and other market sensitive data that changes daily. This is due to the fact that these types of transactions require financing instruments involving hundreds or millions or even billions of dollars.
>
> 4. It is also my experience that electric utility transactions are expensive and dependent on the variant interests of numerous parties and stakeholders including the buyer and seller, electric customers, financing entities and their related interests, and other interested buyers. These factors, in turn, dictate the timing under which transactions must be completed.

To the extent the transactions at issue are the proper focus of the "too short in duration" prong, Hickson's affidavit does not show electric utility transactions of

7

this type are always of limited duration. At most, Hickson's affidavit states these types of transactions are pressing, demanding, and dependent on the convergence of multiple variables. But this showing is not what the applicable standard requires — instead, the plaintiff "must show that the time between the challenged action and its expiration is ***always so short*** as to evade review." *Coburn*, 433 S.W.3d at 825 (emphasis added); *accord Spencer*, 523 U.S. at 18. Hickson's affidavit does not make this showing.

Moreover, the transactions at issue did not expire or terminate after a set amount of time had elapsed — rather, the terminations were effected by the parties to the agreements.[5] But for these actions, the EFH and TTHC Transactions would not have been terminated and NextEra's issues on appeal would not be moot. *Accord Amarillo*, 511 S.W.3d at 794-95. The role of these elective actions counsels against the conclusion that transactions of this type are ***always so short*** as to evade review. *See Entergy Servs., Inc.*, 391 F.3d at 1245-46. Furthermore, the issues NextEra raises on appeal nonetheless could be subject to judicial review even if the transactions had been approved and closed. *See, e.g., Pub. Util. Comm'n of Tex. v. Cities of Harlingen*, 311 S.W.3d 610, 615 (Tex. App.—Austin 2010, no pet.) (the Commission approved entity's application for regulatory approval of certain transactions, transfers, and rates; intervening parties appealed the Commission's decision and asserted issues challenging the Commission's statutory interpretations, provision of due process, and findings).

NextEra's issues on appeal challenging the Commission's review of the EFH and TTHC Transactions therefore do not fall within the "capable of

---

[5] In its June 30, 2017 Form 10-Q filing, NextEra stated the EFH Transaction was terminated after EFH "provided written notice . . . terminating the agreement and plan of merger." In its October 31, 2017 Form 8-K filing, NextEra stated that "TTHC had by delivery of the notice terminated the agreement and plan of merger."

repetition, yet evading review" exception to the mootness doctrine.

**II.    The Issues Raised in NextEra's Appeal Do Not Fall Within the "Public Interest" Exception.**

The "public interest" exception to the mootness doctrine "allows appellate review of a question of considerable public importance if that question is capable of repetition between either the same parties or other members of the public but for some reason evades appellate review." *Univ. Interscholastic League v. Buchanan*, 848 S.W.2d 298, 303 (Tex. App.—Austin 1993, no writ). The Supreme Court of Texas has not addressed the viability of this exception. *See Fed. Deposit Ins. Corp. v. Nueces Cty.*, 886 S.W.2d 766, 767 (Tex. 1994); *see also A.I. Divestitures, Inc. v. Tex. Comm'n on Envtl. Quality*, No. 03-15-00814-CV, 2016 WL 3136850, at *5 n.5 (Tex. App.—Austin June 2, 2016, no pet.) (mem. op.).

Like the "capable of repetition, yet evading review" exception, the "public interest" exception requires that the complained-of action be capable of repetition yet not effectively reviewable. *Fed. Deposit Ins. Corp.*, 886 S.W.2d at 767; *see also Meeker v. Tarrant Cty. Coll. Dist.*, 317 S.W.3d 754, 761-62 (Tex. App.—Fort Worth 2010, pet. denied) (discussing the exceptions' "common element"). In our analysis of the "capable of repetition, yet evading review" exception, we concluded that NextEra could not make this showing because it did not demonstrate that the Commission's decision is by its nature always so short in duration that it evades judicial review. Presuming the viability of the "public interest" exception, this conclusion also would foreclose NextEra's prevailing under this exception to the mootness doctrine. *See Fed. Deposit Ins. Corp.*, 886 S.W.2d at 767; *Meeker*, 317 S.W.3d at 761-62.

**CONCLUSION**

We conclude NextEra's issues on appeal do not invoke an exception to the

9

mootness doctrine and so dismiss NextEra's suit for lack of subject matter jurisdiction.


/s/     Meagan Hassan
       Justice


Panel consists of Chief Justice Frost and Justices Wise and Hassan.