

# NUMBER 13-22-00027-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MICHAEL JOSEPH SCHMITT,                                                        Appellant,

v.

GINA PATRICE SCHMITT,                                                          Appellee.

## On appeal from the 353rd District Court
## of Travis County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Michael Joseph Schmitt challenges the trial court's dismissal of his divorce proceeding against appellee Gina Patrice Schmitt. Appellant contends that the trial court erred in granting appellee's special appearance and dismissing the suit because: (1) appellee established the necessary minimum contacts in Texas for the State

to exercise jurisdiction over her; and (2) declining to exercise jurisdiction over the divorce proceeding was an abuse of discretion. We dismiss the appeal as moot.[1]

## I. PROCEDURAL HISTORY

In 2018, appellee filed for divorce from appellant in Virginia. She subsequently nonsuited the matter. Then, in September 2021, appellant filed his original petition for divorce from appellee, stating that he was a resident of Texas for the preceding six-month period and a resident of Travis County for the preceding nine months. The petition alleged that there was jurisdiction over the non-resident appellee because

> Texas is the last state in which marital residence between [appellant] and [appellee] occurred, and this suit is filed before the second anniversary of the date on which marital residence ended. In the alternative, [appellant] and [appellee] have purchased real estate in the State of Texas, have assets in the State of Texas. [Appellee] has availed herself to the laws of the State of Texas.

In October 2021, appellee filed a special appearance stating that her primary residence "has always been in Virginia" and that the "last state of marital residence of the parties" was Virginia. She argued that there were no grounds for personal jurisdiction in Texas. In October 2021, appellee refiled for divorce in Virginia. Appellant amended his original petition, adding that "if the [trial court] declines to extend personal jurisdiction over [appellee,] [the trial court] has in-rem jurisdiction to grant a divorce and divide property located within the State of Texas." Appellant also filed a brief in response to appellee's special appearance arguing there was personal jurisdiction in Texas.

The trial court held a hearing on appellee's special appearance and sustained her

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

special appearance, dismissing appellant's suit in its entirety. This appeal followed.

## II.    MOOTNESS

On March 22, 2023, appellee filed an amended motion to dismiss this appeal under the doctrine of mootness, arguing that no issue remains in controversy because appellant has agreed to jurisdiction over the divorce in Virginia. *See F.D.I.C. v. Nueces County*, 886 S.W.2d 766, 767 (Tex. 1994) ("The mootness doctrine limits courts to deciding cases in which an actual controversy exists."). Appellee filed with this Court two orders from the Virginia court. The first states: "the [appellant] has agreed to jurisdiction in Virginia" and accordingly, the Virginia court concluded it has personal jurisdiction over appellant.[2] In the second order, the Virginia court granted appellant "leave to file late pleadings" in the divorce matter, specifically stating: "[appellant] represents that the matters pertaining to the jurisdiction of this Honorable Court have been resolved."

Because the parties have agreed to jurisdiction over the divorce proceedings in Virginia, we find that no further controversy exists for this Court to consider. Accordingly, we dismiss the appeal as moot. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005) (holding that a case is moot when issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome); *K.D.F. v. Rex*, 878 S.W.2d 589, 593–94 (Tex. 1994) (holding that "Texas will recognize the laws and judicial decisions of other states, expecting that those states will extend Texas the same consideration"); *see also McCall v. McCall*, No. 2-07-411-CV, 2008 WL 820575, at *1 (Tex. App.—Fort Worth Mar. 27, 2008, no pet.) (mem. op.) (per curiam) (affirming the trial court's order granting

---

[2] Appellant has not responded to appellee's amended motion to dismiss, nor has he provided us with any information indicating that he has challenged the Virginia court's ruling.

3

a special appearance where a Florida court exercised jurisdiction over the husband and wife in a divorce action).

### III.    CONCLUSION

This appeal is dismissed as moot.[3]

NORA L. LONGORIA
Justice

Delivered and filed on the
27th day of April, 2023.

---

[3] Any pending motions before this Court are also dismissed as moot.