**Motion Granted; Dismissed and Memorandum Opinion filed October 5, 2023**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00261-CV

### RONALD WILSON, Appellant

### V.

### NEW RESIDENTIAL MORTGAGE, LLC, Appellee

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-10700**

### MEMORANDUM OPINION

This is an appeal regarding a home equity loan agreement concerning the property located at 3913 Hickok Lane, Houston, Texas 77047 ("Property").

On or about March 15, 2006, Carrie and Henry Wilson III signed a promissory note in the principal sum of $72,000 and a Deed of Trust against the Property. On or about August 11, 2014, Carrie D. Wilson passed away and on or about October 13, 2018, Henry Wilson III passed away. The heirs-at-law were immediately vested with all of Carrie and Henry Wilson, III's, rights, title, and

interest in the Property. The known heirs-at-law, Ronald Ray Wilson and Brien Frederick Wilson, were served with process. William D. McLeod was appointed as attorney ad litem, and the unknown heirs-at-law were served citation by publication. After the property passed to the heirs-at-law, payments were not made according to the terms of the loan agreement and the promissory note. Appellee filed suit against the heirs-at-law and unknown-heirs-at-law ("the heirs") alleging a material breach, and accelerated the maturity of the debt owed under the loan agreement. On March 7, 2022, the trial court granted appellee's motion for summary judgment. That judgment authorized appellee to foreclose on its lien against the Property and divested the heirs' rights to the Property. The judgment further ordered that there was no personal liability or deficiency for the loan agreements debts against the heirs. No attorney's fees were awarded. Appellant, Ronald Ray Wilson, an heir-at-law, appealed the judgment.

Appellee moves this court to dismiss appellant's appeal on the grounds that the subject of the appeal has become moot. The Property was conveyed to INVUM Three LLC., by foreclosure sale on July 5, 2023. Copies of the Substitute Trustee's Deed and the Affidavit of Completed Foreclosure were filed and recorded with the Harris County Clerk. The mootness doctrine limits courts to deciding cases in which an actual controversy exists. *See F.D.I.C. v. Nueces Cnty.*, 886 S.W.2d 766, 767 (Tex. 1994). An issue becomes moot when (1) it appears that one seeks to obtain a judgment on some controversy, which in reality does not exist or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy. *Alsobrook v. MTGLQ Invs., LP*, 657 S.W.3d 327, 330 (Tex. App. — Dallas 2021), *aff'd as modified*, 656 S.W.3d 394 (Tex. 2022). A case becomes moot if there ceases to be a justiciable controversy between the parties, such as when "the issues presented

2

are no longer 'live.'" *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012). The property which was the subject of this appeal has been sold, any judgment issued by the court would have no effect and there is no longer a controversy to resolve. *See Moss-Schulze v. EMC Mortg. Corp.*, 280 S.W.3d 876, 877 (Tex. App.—El Paso 2008, pet. denied) (appeal of foreclosure order mooted by sale of property at issue). Appellant's case has become moot and must be dismissed. *See Id.*

## CONCLUSION

The Property at issue was sold at a foreclosure sale after the trial court below rendered judgment. No controversy remains between the parties and, as such, this appeal is moot. Accordingly, we dismiss the appeal without reaching the merits.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Poissant.