**Motion granted, Appeal dismissed, and Memorandum Opinion filed November 21, 2023.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-23-00503-CV
_____

### PEDRO RAMIREZ AND ALMA RAMIREZ, Appellants

### V.

### ALICIA PEREZ, Appellee

**On Appeal from the 454th District Court**
**Medina County, Texas**
**Trial Court Cause No. 16-12-23965-CV**

## MEMORANDUM OPINION

Before the court is appellee's motion to dismiss this appeal for mootness. Appellants have filed a response. We grant the motion and dismiss the appeal.

This is an appeal from a judgment signed March 13, 2023 adjudicating rights in a tract of real property in Medina County, holding that appellee held title in the property and appellants did not. Appellants timely appealed from that judgment,

but they never filed a supersedeas bond or other security to suspend the judgment. On March 15, 2023, appellee signed a deed conveying the contested property to her daughter, who was not a party to the trial court proceeding. On June 29, 2023, the daughter in turn signed a deed conveying the property to a trust, which has as co-trustees two individuals who likewise were not parties to the trial court proceeding. Appellee's motion contends the changes in ownership render this appeal moot and require its dismissal.

Texas courts of appeals are prohibited from deciding moot controversies. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). "A case becomes moot if at any stage there ceases to be an actual controversy between the parties." *Id.* (citation omitted). The transfer of rights to contested property, even a transfer precipitated by a party to an appeal, can indeed render a case moot. *See FDIC v. Nueces Cnty.*, 886 S.W.2d 766, 767 (Tex. 1994).

The trial court's judgment resolved which of the parties to this appeal owned property rights in the Medina County property. But now, it appears that none of the parties to this appeal have any legal rights to the property. We conclude this case is moot. The El Paso Court of Appeals reached such a result under similar facts in *Dominguez v. Dominguez*, 583 S.W.3d 365 (Tex. App.—El Paso 2019, pet. denied). That case essentially involved a dispute over which of the two parties owned contested property. *Id.* at 367. The trial court ultimately held that the appellee was the property's sole owner and rendered judgment accordingly. *Id.* But while the appeal was pending, the appellee stated he sold the disputed property to someone else, and the appellant did not dispute that assertion. *Id.* at 371. The court of appeals held that it lacked jurisdiction to review the trial court's judgment insofar as it adjudicated ownership of the property, as any decision from the court

2

of appeals could not "have a practical effect on the ownership rights of the property." [1] *Id.*

We are persuaded by *Dominguez* and conclude the same result is warranted here. Appellants' attempt to distinguish *Dominguez* from this case is not persuasive. The judgment appellant is challenging here solely adjudicated who owns the disputed Medina County property. And because appellant did not supersede the judgment while the appeal was pending, none of the parties own the property now. In line with the *Dominguez* decision, that moots this appeal. Accordingly, appellee's motion to dismiss is granted, and the appeal is dismissed.

PER CURIAM

Panel Consists of Justices Jewell, Spain, and Wilson.

---

[1] The court of appeals also concluded a challenge regarding the appellee's counterclaim for tortious interference with a contract was not mooted, as that challenge did not contest "relief dependent on possession of the property." *Id.* Even so, the court of appeals concluded the challenge to the counterclaim failed on the merits. *Id.* at 372–73.