

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00314-CV

Abelardo G. **GONZALEZ**,
Appellant

v.

Rosalinda Y. **GONZALEZ**,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2022CVG001209D4
Honorable Lisa Jarrett, Judge Presiding

PER CURIAM

Sitting:     Luz Elena D. Chapa, Justice
             Irene Rios, Justice
             Beth Watkins, Justice

Delivered and Filed: March 13, 2024

MOTION TO DISMISS GRANTED; DISMISSED FOR LACK OF JURISDICTION

On April 3, 2023, appellant Abelardo G. Gonzalez filed a notice of appeal challenging the

trial court's order dismissing his trespass to try title suit against appellee Rosalinda Y. Gonzalez.

In his trespass to try title suit, appellant alleged he was the owner of certain property located in

Laredo, Texas and sought possession of the property as well as damages he incurred from loss of

use of the property.[1] *See* TEX. R. CIV. P. 783(f) (providing plaintiff in trespass to try title suit may recover rents and profits or damages incurred from loss of use).

Appellee filed a motion to dismiss, asking us to dismiss the case as moot because she had sold the subject property last year after the trial court entered its dismissal order.[2] We then invited the parties to file documentation evidencing whether the property had been sold to allow this court to assess whether we have jurisdiction over the pending appeal. *See Dominguez v. Dominguez*, 583 S.W.3d 365, 372 (Tex. App.—El Paso 2019, pet. denied) (indicating sale of property at issue can render issues relating to property in trespass to try title suit moot). On February 15, 2024, appellee filed a response in support of her claim the case is moot. The response included a copy of a gift deed showing she transferred all her interest in the property on March 28, 2023. Appellant responded by arguing the case is not moot because even if the sale moots his trespass to try title claim, the sale does not render his "other claims for damages" moot. In his response, he also requested an extension of time to file an amended response.

A case is moot if a controversy no longer exists between the parties at any stage of the proceedings, including the appeal. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). Courts of appeal, such as this one, are prohibited from deciding moot cases. *Nat'l Collegiate Athletic Assoc. v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). This is because the mootness doctrine implicates a court's subject matter jurisdiction, and such jurisdiction is essential to a court's power to decide a case. *State v. Naylor*, 466 S.W.3d 783, 791–92 (Tex. 2015) (discussing the jurisdictional scope of a court of appeals). In a cause of action involving property,

---

[1] Although appellant's petition is titled "Plaintiff's Original Petition to Trespass to Try Title and Request for Declaratory Judgment," he does not expressly seek a declaration. And even assuming appellant sought a declaration to determine title, a trespass try title action is the exclusive remedy for resolving title disputes. *See Brumley v. McDuff*, 616 S.W.3d 826, 836 (Tex. 2021) ("A suit that seeks to resolve a title dispute is, in effect, an action in trespass to try title, whatever its form.").

[2] We note appellee states the trial court dismissed the case on March 23, 2023, but the clerk's record shows the trial court held a hearing on March 23, 2023 and signed the dismissal order on April 5, 2023.

the sale of the subject property may render related issues moot. *See F.D.I.C. v. Nueces County*, 886 S.W.2d 766, 767 (Tex. 1994) (where the controversy between competing lienholders was mooted by foreclosure).

Pertinent to this case, a trespass to try title suit is the method used to determine who has superior title among parties. TEX. PROP. CODE § 22.001; *Brumley v. McDuff*, 616 S.W.3d 826, 831–32 (Tex. 2021). In a trespass to try title claim, the plaintiff seeks the right to present possession of the property in question. *Lance v. Robinson*, 543 S.W.3d 723, 736 (Tex. 2018). However, the sale of the subject property to a third party renders a trespass to try title claim moot due to the nature of the relief requested. *See Abraham v. Acton*, No. 08-22-00079-CV, 2023 WL 5206688, at *6 (Tex. App.—El Paso Aug. 14, 2023, no pet.) (mem. op.) (holding sale of property to third party after entry of final judgment mooted plaintiff's trespass to try title claim); *Dominguez*, 583 S.W.3d at 370–71 (holding appellant's challenge to judgment against him on trespass to try title claim was mooted by sale of property).

Here, the controversy in this case involved determining the superior title between appellant and appellee, and when appellee sold the property to a third party, there was no longer a live controversy between the parties.[3] *See Dominguez*, 583 S.W.3d at 371 (concluding title controversy no longer existed between parties after one party sold property to nonparty); *see also F.D.I.C.*, 886 S.W.2d at 767 ("The controversy in this case involved the rights of the taxing authorities and the FDIC as competing lienholders . . . The FDIC ceased being a lienholder when it foreclosed on and purchased the property; after that, the controversy between the parties ended."). Accordingly, appellant's challenge to the order dismissing his trespass to try title claim is moot. *See Abraham*, 2023 WL 5206688, at *6; *Dominguez*, 583 S.W.3d at 371.

---

[3] We further note there is nothing in the record enjoining appellee from selling the property.

Appellant, however, asserts we have jurisdiction to determine his "other claims for damages" even if appellee's sale of the property moots his trespass to try title claim. For support, he relies on the exception to the mootness doctrine, which provides "that a sale of property that forms the basis of the litigation will not render moot such issues related to separate claims for damages that do not depend on possession of the property." *Dominguez*, 583 S.W.3d at 371 (holding appellant's challenge to trial court's damage award on appellee's counterclaim for tortious interference with contract was not mooted by appellee's sale of property because requested relief was not dependent on possession of property). Here, appellant sought damages pursuant to Texas Rule of Civil Procedure 7834(f). Under this rule, a plaintiff in a trespass to try title suit may recover rents and profits or damages incurred from loss of use by pleading facts showing he is entitled to such recovery. TEX. R. CIV. P. 783(f). Thus, the damages appellant sought directly stem from his trespass to try title claim and depend on possession of the property; as a result, the exception to the mootness doctrine does not apply. We therefore conclude the appeal is moot.

Accordingly, we deny appellant's request for an extension of time to file an amended response, grant appellee's motion to dismiss, and dismiss the case for lack of jurisdiction. We also order no costs be assessed against appellant because he is indigent.

PER CURIAM