**Appeal Reinstated and Dismissed; Memorandum Opinion filed March 28, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-21-00444-CV**

---

**ASTRA OIL TRADING NV AND ASTRA OIL COMPANY, LLC, Appellants**

**V.**

**PETROBRAS AMERICA, INC.; PETROLEO BRASILEIRO S.A – PETROBRAS; PASADENA REFINING SYSTEM, INC.; PRSI TRADING LLC; AND PRSI REAL PROPERTY HOLDINGS, LLC, Appellees**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-43650**

---

## MEMORANDUM OPINION

This is an appeal from a denial of an injunction seeking to prohibit appellees from continuing to pursue arbitration. On September 13, 2022, we abated the appeal pending a potential petition for writ of certiorari to the United States Supreme Court. On May 22, 2023, the United States Supreme Court denied appellees' writ of certiorari. On January 3, 2024, the arbitration tribunal issued a

final award dismissing all of appellee's claims and ending the arbitration.

On January 31, 2024, appellants filed an unopposed motion to dismiss.[1] Appellants assert that the appeal is moot because the arbitration tribunal issued a final award. The mootness doctrine limits courts to deciding cases in which an actual controversy exists. *See F.D.I.C. v. Nueces Cnty.*, 886 S.W.2d 766, 767 (Tex. 1994). An issue becomes moot when (1) it appears that one seeks to obtain a judgment on some controversy, which in reality does not exist, or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy. *Alsobrook v. MTGLQ Invs., LP*, 657 S.W.3d 327, 330 (Tex. App.— Dallas 2021), *aff'd as modified*, 656 S.W.3d 394 (Tex. 2022). A case becomes moot if there ceases to be a justiciable controversy between the parties, such as when "the issues presented are no longer 'live.'" *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012). The appeal seeking an injunction to prevent the arbitration from going forward became moot when the arbitration tribunal issued a final award. *See TRU Exploration, LLC v. Energy Expl. I, LLC*, No. 05-15-00217-CV, 2018 WL 1980366, *1 (Tex. App.—Dallas Apr. 27, 2018, no pet.) (mem. op.).

Accordingly, we reinstate the appeal, grant appellants' unopposed motion, and dismiss the appeal for want of subject-matter jurisdiction.

PER CURIAM

Panel Consists of Chief Justice Christopher and Justices Spain and Poissant.

---

[1] Appellant's attorneys Beth Petronio and Gerald A. Novack appear on the motion to dismiss. Gerald A. Novack has not been admitted to the Texas Bar, nor has there been a motion to appear pro hac vice. Beth Petronio is licensed to practice in Texas, Gerald A. Novack's non admittance to the State Bar of Texas has no bearing on this opinion.