**Appeal Dismissed and Memorandum Opinion filed April 4, 2024.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-23-00708-CV

**TORRIN WILLIAMS, Appellant**

**V.**

**CAPITAL FUND REIT LLC, Appellee**

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1205916**

## MEMORANDUM OPINION

This is an appeal from a forceable-detainer action brought by appellee Capital Fund REIT LLC, for the property located at 5657 Flack Drive, Houston, Texas 77081 ("Property"). On September 19, 2023, the county civil court at law signed a final judgment in favor of appellee. That judgment awarded appellee possession of the Property. Appellant Torrin Williams did not file a supersedeas

bond on or before October 26, 2023.[1]

Appellee moves this court to dismiss appellant's appeal on the grounds that the subject of the appeal has become moot. On October 26, 2023, entry was made on to the property, and appellant was removed from the premises. The mootness doctrine limits courts to deciding cases in which an actual controversy exists. *See F.D.I.C. v. Nueces Cnty.*, 886 S.W.2d 766, 767 (Tex. 1994). An issue becomes moot when (1) it appears that one seeks to obtain a judgment on some controversy, which in reality does not exist, or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy. *Alsobrook v. MTGLQ Invs., LP*, 657 S.W.3d 327, 330 (Tex. App. — Dallas 2021), *aff'd as modified*, 656 S.W.3d 394 (Tex. 2022). A case becomes moot if there ceases to be a justiciable controversy between the parties, such as when "the issues presented are no longer 'live.'" *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012). Appellant's case has become moot and must be dismissed.

## CONCLUSION

Appellant is no longer in possession of the Property, and appellant does not assert a potentially meritorious claim of right to current or actual possession of the Property. No controversy remains between the parties and, as such, this appeal is moot. Accordingly, we dismiss the appeal for want of subject-matter jurisdiction without reaching the merits.

PER CURIAM

Panel Consists of Justices Bourliot, Zimmerer, and Spain.

---

[1] In the county civil court at law, the defendant was Torrin Williams as Manager for Farmhouse Realty Partners LLC. The notice of appeal identified appellant merely as Torrin Williams.