**Appeal Reinstated and Dismissed; Memorandum Opinion filed April 16, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00975-CV

---

## ENCOMPASS HEALTH CORPORATION D/B/A ENCOMPASS TEXAS HEALTH CORPORATION, ENCOMPASS HEALTH REHABILITATION HOSPITAL OF KATY, LLC AND ADVANCED HOMECARE MANAGEMENT D/B/A ENHABIT HOME HEALTH & HOSPICE, Appellants

## V.

## IRACEMA "EDA" CORTEZ, Appellee

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2023-26564**

---

### MEMORANDUM OPINION

This is an appeal from a judgment signed December 12, 2023. On January 25, we abated this case to allow the parties to engage in mediation. On February 29, 2024, appellant filed a motion to dismiss stating that the parties' mediation resulted in a full resolution of the matters that are in dispute. Appellant's motion

essentially states that the appeal is moot. The mootness doctrine limits courts to deciding cases in which an actual controversy exists. *See F.D.I.C. v. Nueces Cnty.*, 886 S.W.2d 766, 767 (Tex. 1994). An issue becomes moot when (1) it appears that one seeks to obtain a judgment on some controversy, which in reality does not exist or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy. *Alsobrook v. MTGLQ Invs., LP*, 657 S.W.3d 327, 330 (Tex. App. — Dallas 2021), *aff'd as modified*, 656 S.W.3d 394 (Tex. 2022). A case becomes moot if there ceases to be a justiciable controversy between the parties, such as when "the issues presented are no longer 'live.'" *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012).

Accordingly, we reinstate the appeal and grant appellant's motion to dismiss.

PER CURIAM

Panel consists of Justices Wise, Spain, and Hassan.