**Motion Granted; Appeal Dismissed and Memorandum Opinion filed May 7, 2024.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-23-00921-CV

---

### TARA CAMERON AND JEREMY CAMERON, INDIVIDUALLY, AND AS NEXT FRIEND OF G.C., A MINOR, Appellants

### V.

### STRIKER INFUSION SERVICES, LLC, Appellee

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 23-DCV-302654**

---

### MEMORANDUM OPINION

This is an appeal from a judgment signed on November 14, 2023. On November 20, 2023, appellants filed in the trial court a motion to vacate the judgment. On December 6, 2023, appellants filed their notice of appeal. On February 22, 2024, this court sent a notice of dismissal for want of jurisdiction unless any party filed a response showing meritorious grounds for continuing the appeal. The same day, appellant filed a motion to dismiss the appeal pursuant to

Tex. R. App. P. 42.1(a). Appellants' motion states that this appeal is moot because on November 27, 2023, the trial court vacated the judgment that was the subject of this appeal.

The mootness doctrine limits courts to deciding cases in which an actual controversy exists. *See F.D.I.C. v. Nueces Cnty.*, 886 S.W.2d 766, 767 (Tex. 1994). An issue becomes moot when (1) it appears that one seeks to obtain a judgment on some controversy, which in reality does not exist or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy. *Alsobrook v. MTGLQ Invs., LP*, 657 S.W.3d 327, 330 (Tex. App. — Dallas 2021), *aff'd as modified*, 656 S.W.3d 394 (Tex. 2022). A case becomes moot if there ceases to be a justiciable controversy between the parties, such as when "the issues presented are no longer 'live.'" *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012).

Accordingly, we grant appellants' motion to dismiss.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Poissant.